# Exhibit D




January 28, 2022

**VIA ELECTRONIC TRANSMISSION: FOIA STAR, NSDFOIA@USDOJ.GOV**

| | |
|---|---|
| Douglas Hibbard<br>Chief, Initial Request Staff<br>Office of Information Policy<br>Department of Justice<br>6th Floor<br>441 G St NW<br>Washington, DC 20530 | Arnetta Mallory, FOIA Initiatives Coordinator<br>National Security Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.,<br>Room 6150<br>Washington, DC 20530 |

RE:   FOIA Request for Records Relating to Al Jazeera, FARA Registration, and Congressional Oversight

Dear FOIA Officers:

## INTRODUCTION

Empower Oversight Whistleblowers & Research ("Empower Oversight") is a nonpartisan, nonprofit educational organization dedicated to enhancing independent oversight of government and corporate wrongdoing. We work to help insiders safely and legally report waste, fraud, abuse, corruption, and misconduct to the proper authorities, and seek to hold those authorities accountable to act on such reports by, among other means, publishing information concerning the same.

## BACKGROUND

On June 4, 2018, the Justice Department's Foreign Agents Registration Act ("FARA") Unit sent a letter to lawyers for Al Jazeera's social media-focused subsidiary, AJ+, explaining why it may be obligated to register under FARA.

That was more than three-and-a-half years ago.

According to an 11-page letter from Jay I. Bratt, then Chief of DOJ's Counterintelligence and Export Control Section, to Al Jazeera's attorneys at DLA Piper on September 14, 2020:

> It is apparent that the Government of Qatar considers the Al Jazeera brand to be a means with which to project soft power. Qatari Ambassador Ahmed bin Saeed Al-Ruhaihi, an official in the Ministry of Foreign Affairs, recently stated: "For more

than two decades, the media represents an element of soft power for the State of Qatar."

\* \* \*

By producing and disseminating news programming in the United States as an agent of [its parent company] AJMN and the Government of Qatar, AJ+ meets the definition of acting as a publicity agent, and thus obligated to register under FARA.

\* \* \*

AJ+ is obligated to register under FARA because it acts at the direction and control of both the Government of Qatar and AJMN. AJ+'s activities on behalf of the Government of Qatar and AJMN satisfy the definition of two specified categories of activities that require registration under FARA: (1) engaging in political activities, and (2) acting as a publicity agent.  The content produced by AJ+ and disseminated in the United States seeks to "influence ... any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States, or with reference to the political or public interests, policies, or relations" of Qatar and other countries in the region, and is therefore "political activity." See 22 U.S.C. § 611(o). AJ+'s role in producing and disseminating video news segments in the United States, at the order, request, or under the direction and control of the Government of Qatar and AJMN, means that it is serving as a "publicity agent," separately triggering an obligation to register under the Act. See 22 U.S.C. § 611(h).

\* \* \*

Please effect AJ+'s registration within thirty (30) calendar days of the date of this letter.

That was 16 months ago.

FARA is intended to ensure "*complete public disclosure*" by those who conduct political activity in the interests of foreign principals.  Yet, the Justice Department has been criticized extensively for its "lax and selective enforcement" of the Act.

On March 6, 2018, nineteen Members of Congress wrote to Attorney General Sessions asking about Al Jazeera and its obligations under FARA.[1]  On June 18, 2019, and July 1, 2021, Members of Congress including Senators Charles Grassley, Marco Rubio, Tom Cotton, Ted Cruz, and Todd Young wrote to then-Attorney General Barr[2] and Attorney General Garland about this matter as well.[3]  The most recent of the letters, sent seven months ago, sought among other things to learn what steps the Justice Department had taken to ensure that AJ+ registered as is required.  It also sought copies

---

[1] https://gottheimer.house.gov/uploadedfiles/3.6_gottheimer_zeldin_cruz_letter_to_doj_final_signed_copy.pdf

[2] https://www.grassley.senate.gov/news/news-releases/lawmakers-seek-fara-evaluation-qatari-owned-al-jazeera

[3] https://www.grassley.senate.gov/news/news-releases/qatari-backed-media-still-not-registered-under-foreign-agents-law-despite-justice-department-determination-senators-want-to-know-why

of "all letters of inquiry and letters of determination the Department of Justice has sent to Al Jazeera Media Network, AJ+" and affiliated entities.

As of today, the Justice Department appears to have been entirely unresponsive to the congressional oversight letters on this issue. The public has a right to know why Justice Department has failed to enforce FARA in this instance and failed to be responsive to congressional oversight on this topic.

## RECORDS REQUEST

Accordingly, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Empower Oversight hereby requests expedited production of all records related to:

1. the Justice Department's receipt of, discussions related to, processing of, and response to all Congressional correspondence regarding Al Jazeera or any of its affiliates and FARA, including the March 6, 2018, June 18, 2019, and July 1, 2021 congressional oversight letters cited above; and

2. communications regarding FARA and Al Jazeera (or its affiliates) between the Justice Department and DLA Piper (or any other agent or representative of Al Jazeera, its affiliates, or the Government of Qatar), including the June 4, 2018 and September 14, 2020 Justice Department letters referenced above.

Please ensure the Department's searches include all relevant custodians in the National Security Division, the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, and the Office of Legislative Affairs.

## DEFINITIONS

"COMMUNICATION(S)" means every manner or method of disclosure, exchange of information, statement, or discussion between or among two or more persons, including but not limited to, face-to-face and telephone conversations, correspondence, memoranda, telegrams, telexes, email messages, voice-mail messages, text messages, Slack messages, meeting minutes, discussions, releases, statements, reports, publications, and any recordings or reproductions thereof.

"DOCUMENT(S)" or "RECORD(S)" mean any kind of written, graphic, or recorded matter, however produced or reproduced, of any kind or description, whether sent, received, or neither, including drafts, originals, non-identical copies, and information stored magnetically, electronically, photographically or otherwise. As used herein, the terms "DOCUMENT(S)" or "RECORD(S)" include, but are not limited to, studies, papers, books, accounts, letters, diagrams, pictures, drawings, photographs, correspondence, telegrams, cables, text messages, emails, memoranda, notes, notations, work papers, intra-office and inter-office communications, communications to, between and among employees, contracts, financial agreements, grants, proposals, transcripts, minutes, orders, reports, recordings, or other documentation of telephone or other conversations, interviews, affidavits, slides, statement summaries, opinions, indices, analyses, publications, questionnaires, answers to questionnaires, statistical records, ledgers, journals, lists, logs, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer printouts, tapes, discs, microfilm, and all other records kept, regardless of the title, author, or origin.

"PERSON" means individuals, entities, firms, organizations, groups, committees, regulatory agencies, governmental entities, business entities, corporations, partnerships, trusts, and estates.

"REFERS," "REFERRING TO," "REGARDS," REGARDING," "RELATES," "RELATING TO," "CONCERNS," "BEARS UPON," or "PERTAINS TO" mean containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

## INSTRUCTIONS

The time period of the requested records is March 6, 2018, through the present.

The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever is most inclusive.

The singular form shall include the plural form and vice versa.

The present tense shall include the past tense and vice versa.

In producing the records described above, you shall segregate them by reference to each of the numbered items of this FOIA request.

If any the requested information is withheld, please: (1) identify that information, describe the basis for it being withheld, and explain any specific statutory exemptions that you think justify (or justifies) any such withholding of information; and (2) release any reasonably segregable portions.

If you have any questions about this request, please contact Bryan Saddler by e-mail at bsaddler@empowr.us.

## FEE WAIVER REQUEST

Empower Oversight agrees to pay up to $25.00 in applicable fees, but notes that it qualifies as a "representative of the news media"[4] and requests a waiver of any fees that may be associated with processing this request, in keeping with 5 U.S.C. § 552 (a)(4)(A)(iii).

Empower Oversight is a non-profit educational organization as defined under Section 501(c)(3) of the Internal Revenue Code, which helps insiders safely and legally report waste, fraud, abuse, corruption, and misconduct to the proper authorities, and seeks to hold those authorities accountable to act on such reports by, among other means, publishing information concerning the same. Empower Oversight has no commercial interest in making this request.

---

[4] On September 23, 2021, the Securities Exchange Commission conceded that Empower Oversight qualifies as a news media requester for purposes of fees assessed pursuant to the FOIA. "Empower Oversight Wins Appeal of Erroneous SEC Fee Decision: Must be treated as a "media requestor" in seeking ethics records of senior officials," Empower Oversight Press Release (Sep 24, 2021), https://empowr.us/empower-oversight-wins-appeal-of-erroneous-sec-fee-decision-must-be-treated-as-a-media-requestor-in-seeking-ethics-records-of-senior-officials/

Further, the information that Empower Oversight seeks is in the public interest because it is likely to contribute significantly to the public understanding of (1) the Justice Department's enforcement of FARA, (2) the involvement of foreign governments in political activity within the United States, and (3) the Justice Department's responsiveness to Congressional oversight of on those issues.

Empower Oversight is committed to government accountability, public integrity, and transparency. In the latter regard, the information that that Empower Oversight receives that tends to explain the subject matter of this FOIA request will be disclosed publicly via its website, and copies will be shared with other news media for public dissemination.

For ease of administration and to conserve resources, we ask that documents be produced in a readily accessible electronic format. Thank you for your time and consideration. Please don't hesitate to contact me with any questions.

Cordially,

/Jason Foster/

Jason Foster
Founder & President