IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | No. 1:23-CV-0095 (LMB/JFA) |

## ANSWER

Defendant, the United States Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits this answer to the complaint filed by Plaintiff, Empower Oversight Whistleblowers & Research ("Plaintiff"), on January 20, 2023 (Dkt. 1):

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**[1]

1.  The allegations in this paragraph constitute legal conclusions, to which no response is required.

2.  The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

3.  The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is

---

[1] Defendant includes the headings from Plaintiff's complaint for clarity only. The inclusion of those headings in this answer should not be construed as an admission of any kind by Defendant.

required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

4. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

5. Defendant admits that a letter was sent to lawyers for Al Jazeera on June 4, 2018, stating that Al Jazeera Plus may have to register under FARA.

6. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

7. Defendant admits that on September 14, 2020, a letter was sent to Al Jazeera noting that Al Jazeera Plus was obligated to register under FARA. The remaining allegations in this paragraph constitute Plaintiff's characterization of a news article, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced article for a full and fair statement of its contents and denies any inconsistent allegations.

8. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

9. The allegations in this paragraph constitute Plaintiff's characterization of its belief, to which no response is required. To the extent that a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

## PARTIES

10. This allegations in this paragraph constitute Plaintiff's characterization of itself and its work, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

11. Defendant admits that DOJ is an agency of the United States Government. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required.

## JURISDICTION AND VENUE

12. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction under the FOIA, subject to its terms and limitations.

13. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper.

14. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, Defendant admits that assignment to the Alexandria Division is proper.

## BACKGROUND

### Empower Oversight's FOIA Request

15. The allegations in this paragraph constitute legal conclusions, to which no response is required.

16. Regarding the allegations in the first sentence of this paragraph, Defendant admits that it received a FOIA request from Plaintiff dated January 28, 2022. The remaining allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

17. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

18. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

DOJ's Responses to Empower Oversight's FOIA Request

19. Regarding the allegations in the first sentence of this paragraph, Defendant admits that DOJ's Office of Information Policy ("OIP") sent Plaintiff an acknowledgment letter, dated February 2, 2022. The remaining allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

20. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is

required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

21. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

22. Regarding the allegations in the first sentence of this paragraph, Defendant admits that DOJ's National Security Division ("NSD") sent Plaintiff an acknowledgment email, but denies that the email was sent on March 18, 2022. The remaining allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

23. The allegations in this paragraph constitute legal conclusions and Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

24. The allegations in this paragraph constitute Plaintiff's characterization of an attachment to the complaint, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

26. Defendant admits that, as of the date of this answer, neither NSD nor OIP has communicated with Plaintiff since March 14, 2022.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

DOJ's Responses to Other FOIA Requests

28. The allegations in this paragraph constitute Plaintiff's characterization of a pleading in another lawsuit, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

29. The allegations in this paragraph constitute Plaintiff's characterization of a pleading in another lawsuit, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the referenced document for a full and fair statement of its contents and denies any inconsistent allegations.

<b>STATUTORY BACKGROUND</b>

30. The allegations in this paragraph constitute legal conclusions, to which no response is required.

31. The allegations in this paragraph constitute legal conclusions, to which no response is required.

32. The allegations in this paragraph constitute legal conclusions, to which no response is required.

33. The allegations in this paragraph constitute legal conclusions, to which no response is required.

34. The allegations in this paragraph constitute legal conclusions, to which no response is required.

35. The allegations in this paragraph constitute legal conclusions, to which no response is required.

36. The allegations in this paragraph constitute legal conclusions, to which no response is required.

## CLAIMS FOR RELIEF

### Count I
### Failure to Comply with Statutory Deadlines in Violation of 5 U.S.C. § 552(a)(6)

37. Defendant incorporates by reference its responses in the foregoing paragraphs as though fully set forth herein.

38. Defendant admits that, as of the date of this answer, neither NSD nor OIP has made a final determination as to Plaintiff's FOIA request, dated January 28, 2022.

39. Defendant admits that more than twenty business days have passed since NSD and OIP acknowledged receipt of Plaintiff's request.

40. The allegations in this paragraph constitute legal conclusions, to which no response is required.

41. Defendant admits that, as of the date of this answer, neither NSD nor OIP has made a final determination as to Plaintiff's FOIA request, dated January 28, 2022. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required.

42. The allegations in this paragraph constitute legal conclusions, to which no response is required.

43. The allegations in this paragraph constitute legal conclusions, to which no response is required.

44. The allegations in this paragraph constitute legal conclusions, to which no response is required.

45. The allegations in this paragraph constitute legal conclusions, to which no response is required.

46. The allegations in this paragraph constitute legal conclusions, to which no response is required.

47. The allegations in this paragraph constitute legal conclusions, to which no response is required.

## Count II
## Unlawful Withholding of Agency Records in Violation of 5 U.S.C. § 552(a)(3)

48. Defendant incorporates by reference its responses in the foregoing paragraphs as though fully set forth herein.

49. The allegations in this paragraph constitute legal conclusions, to which no response is required.

50. Defendant admits that, as of the date of this answer, neither NSD nor OIP has made a final determination as to Plaintiff's FOIA request to NSD and OIP, dated January 28, 2022. Defendant further admits that, as of the date of this answer, neither NSD nor OIP has provided responsive records to Plaintiff.

51. The allegations in this paragraph constitute legal conclusions, to which no response is required.

## RELIEF REQUESTED

The allegations in this paragraph and its subparagraphs constitute Plaintiff's characterization of the relief it seeks in this action, to which no response is required. To the extent

that a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

Any allegation of the complaint not expressly admitted is denied.

## **AFFIRMATIVE DEFENSES**

Based on the information presently available and known to Defendant, and without waiving, limiting, modifying, or amending the foregoing, Defendant asserts the following affirmative defenses. Defendant reserves all rights to amend these defenses as appropriate as the case progresses and to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

1. The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA. 5 U.S.C. § 552.

2. Plaintiff is not entitled to compel production of records properly withheld pursuant to any FOIA exemption. 5 U.S.C. § 552(b).

3. Plaintiff has failed to exhaust administrative remedies under the FOIA.

4. Plaintiff is not eligible for or entitled to attorney's fees under the FOIA.

5. Plaintiff lacks standing to assert a policy or practice claim under the FOIA.

6. Plaintiff is not entitled to declarative or injunctive relief under the FOIA.

WHEREFORE, Defendant prays that this Court will enter judgment against Plaintiff and for Defendant with costs and that Defendant shall have other and further relief as shall be deemed appropriate.

Dated: March 27, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　JESSICA D. ABER
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

*By*:　　　　　　　　／s／　　　　　　　
　　　　　PETER B. BAUMHART
　　　　　Assistant United States Attorney
　　　　　Office of the United States Attorney
　　　　　2100 Jamieson Avenue
　　　　　Alexandria, Virginia 22314
　　　　　Telephone: (703) 299-3738
　　　　　Fax:　　　(703) 299-3983
　　　　　Email: Peter.Baumhart@usdoj.gov

　　　　　*Counsel for Defendant*

10