**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-95 (LMB/JFA) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION
TO VACATE INITIAL SCHEDULING ORDER**

Defendant United States Department of Justice ("DOJ") respectfully moves this Court to vacate its April 12, 2023 initial scheduling order (Dkt. 13) in this case brought pursuant to the Freedom of Information Act ("FOIA"). Defendant has consulted Plaintiff regarding its position on the matter and Plaintiff does not oppose the motion. The grounds and good cause for the instant motion are as follows:

1.     On January 20, 2023, Plaintiff Empower Oversight Whistleblowers & Research filed this Complaint seeking relief under FOIA and the Declaratory Judgment Act, alleging that Defendant failed to produce records maintained by the agency pursuant to its FOIA requests. *See generally* Dkt. 1.

2.     On February 23, 2023, Defendant moved for a 30-day enlargement of time to respond to the Complaint, which the Court later granted. See Dkts. 7, 9. On March 27, 2023, Defendant filed its Answer to Plaintiff's Complaint. Dkt. 10.

3.     On April 4, 2023, this Court entered its standard initial scheduling order, which provides that discovery may commence immediately, requires the parties to submit a joint

discovery plan on or before April 26, 2023, sets an initial pre-trial conference for May 3, 2023, orders discovery to close on August 18, 2023, and sets a final pre-trial conference for August 24, 2023. Dkt. 3.

4.      In response to Plaintiff's initial FOIA request, Defendant has been actively working to provide Plaintiffs with all responsive, non-exempt documents, or non-exempt portions thereof. As to Plaintiff's FOIA request directed to DOJ's Office of Information Policy ("OIP"), OIP has completed its initial search and identified records potentially responsive to Plaintiff's request. Upon completion of this search, OIP crafted a proposal specifically designed to process records in the most efficient manner possible. The parties conferred and reached an agreement as to this proposal, and as a result of its acceptance, OIP is committed to complete processing[1] of all potentially responsive records by May 18, 2023. To date, OIP has processed 314 pages of potentially responsive records, and is on track to complete processing of the remaining pages by the agreed-upon deadline of May 18, 2023.

5.      As to Plaintiff's FOIA request directed to DOJ's National Security Division ("NSD"), the NSD has completed its initial due diligence of the request and ascertained that the request merits searching eight custodians for potentially responsive records. NSD has completed the search and retrieval of records from five of those 8 custodians. That search retrieved 1,324 potentially responsive records. The search and collection for potentially responsive records for the remaining three custodians is presently ongoing and is proceeding as expeditiously as possible. That search must occur within a DOJ component that is not in NSD's immediate control.

---

[1] "Processing" refers to further responsiveness review, manual de-duplication, application of any applicable FOIA exemptions, and sending out records to other agencies or DOJ components having equity in the records for consultation.

6.      Defendant seeks to vacate the scheduling order in this action because the issue presented in Plaintiff's Complaint is purely a legal one that discovery cannot aid, and none of the rare exceptions to permitting discovery in FOIA actions exists here.

7.      Plaintiff seeks production of records they request from DOJ pursuant to the FOIA. As such, the Complaint presents questions of law implicating whether DOJ properly complied with FOIA in searching for and producing the requested records under applicable FOIA exemptions. *See, e.g.*, *Hanson v. U.S. Agency v. Int'l Development*, 372 F.3d 286, 290 (4th Cir. 2004); *Wickwire Gavin, P.C. v. Def. Intelligence Agency*, 330 F. Supp. 2d 592, 596-97 (E.D. Va. 2004) (Cahceris, J.). Such legal issues in turn are properly resolved on motions for summary judgment. *See Hanson*, 372 F.3d at 290; *Miscavaige v. IRS*, 2 F.3d 366, 369 (3d Cir. 1993); *Virginia-Pilot Media Cos., LLC v. Dep't of Justice*, 147 F. Supp. 3d 437, 451 (E.D. Va. 2015).

8.      Moreover, discovery in FOIA actions is both "rare," *Thompson*, 2010 WL 231782, at *3 (quoting *Schrecker v. U.S. Dep't of Just.*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002)), and "an extraordinary procedure." *Justice v. Mine Safety & Health Admin.*, 2015 WL 338950, at *2 (S.D.W. Va. Jan. 23, 2015) (quoting *Thomas v. U.S. Dep't of Health & Hum. Servs.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008)).  Where courts do permit discovery, it is generally "limited to the scope of the agency's search [for responsive documents] and its indexing and classification procedures." *Heily v. U.S. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003) (citations omitted). In other words, discovery is only appropriate when there is a factual dispute as to whether the government has taken adequate steps to search for responsive documents to a FOIA request. *Thompson*, 2010 WL 231782, at *3 (citing *Schrecker*, 217 F. Supp. 2d at 35).  But "[a]bsent unusual circumstances," that adequacy determination cannot be made "prior to the government filing a motion for summary judgment explaining the appropriateness of its decision" regarding

3

the FOIA request. *Mullen v. U.S. Army Crim. Investigation Command*, 2011 WL 5870550, at *3 (E.D. Va. Nov. 22, 2011). Accordingly, "postponing discovery until the government has submitted its dispositive motion and supporting documents allows [courts] to obtain information necessary to appropriately limit the scope of discovery or forgo it entirely." *Unrow Hum. Rts. Impact Litig. Clinic v. U.S. Dep't of State*, 2014 WL 12810521, at *1 (D.D.C. July 25, 2014) (alteration omitted) (quoting *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009)).

9.      Discovery is inappropriate in this routine FOIA case, particularly at this stage as OIP has completed its search of potentially responsive records and NSD is near completion of his search. Further, once DOJ produces the responsive records to Plaintiff, Plaintiff will need to assess whether it has received all of the records it seeks through this action and wish to dismiss the case, or whether it instead prefers to amend their Complaint and proceed to summary judgment briefing to challenge the adequacy of Defendant's search or any withholding of records. In light of the rarity of discovery in FOIA actions and the specific posture of the case, Defendant therefore respectfully requires that this Court vacate its scheduling order authorizing discovery in this action. *See also* Order, *U.S. Right to Know v. Def. Threat Reduction Agency*, No. 1:23-cv-111-LMB-LRV, Dkt. 15 (E.D. Va. Apr. 18, 2023).

10.     Defendant conferred with Plaintiff regarding this motion, and Plaintiff takes no position on the Government's motion to vacate the scheduling order, other than to note the Government's delay in processing Plaintiff's FOIA request and explaining that courts have permitted discovery in FOIA cases where an agency unreasonably delays processing a request. *See, e.g.*, *Mullen v. U.S. Army Criminal Investigation Command*, No. 1:10-cv-0262, 2011 WL 5870550, at *3 (E.D. Va. Nov. 22, 2011) (stating that discovery may be appropriate where "an agency has not taken adequate steps to uncover responsive documents"); *Citizens for*

*Responsibility & Ethics in Was. v. DOJ*, No. 05-cv-2078, 2006 WL 1518964 (D.D.C. June 1, 2006). If the Court grants the Government's motion, Plaintiff reserves the right to request discovery in the future if the Government continues to delay processing Plaintiff's request.

11. A proposed order is attached for the Court's convenience.

12. Defendant waives a hearing on this motion.


Dated: April 24, 2023                       Respectfully submitted,

                                            JESSICA D. ABER
                                            UNITED STATES ATTORNEY


                                            _____/s/_____
                                            MATTHEW J. MEZGER
                                            Assistant United States Attorney
                                            Office of the United States Attorney
                                            Justin W. Williams U.S. Attorney's Building
                                            2100 Jamieson Avenue
                                            Alexandria, Virginia 22314
                                            Tel:    (703) 299-3741
                                            Fax:    (703) 299-3983
                                            Email: Matthew.Mezger@usdoj.gov