IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, ) ) ) Plaintiff, ) ) v. ) ) U.S. DEPARTMENT OF JUSTICE, ) ) Defendant. ) | Case No. 1:23-cv-95 (LMB/JFA) |

**DEFENDANT'S CONSENT MOTION TO STAY THE PROCEEDINGS**

Defendant, United States Department of Justice ("DOJ"), through its undersigned counsel, respectively submits this memorandum of law in support of its motion to stay the proceedings and submit joint status reports every thirty days pursuant to the Court's inherent authority. Defendant has consulted Plaintiff regarding its position and the requested relief and Plaintiff consents to this motion. The grounds and good cause for this motion are as follows:

1. This is a Freedom of Information Act ("FOIA") action brought by Empower Oversight Whistleblowers & Research in connection with a FOIA request submitted to two DOJ components of the Department of Justice: the Office of Information Policy ("OIP") and the National Security Division ("NSD"). As a general matter, Plaintiff alleges that Defendant failed to produce records maintained by DOJ pursuant to its FOIA requests. *See generally* Dkt. 1.

2. On March 27, 2023, after the Court granted a thirty-day extension of time, Defendant answered the Complaint. Dkt. Nos. 7, 9, 10. Four days later, on April 4, 2023, the Court entered its standard initial scheduling order. Dkt. No. 13. On April 24, 2023, Defendant moved, without opposition from Plaintiff, to vacate the scheduling order. Dkt. No. 15.

1

3.      In that motion Defendant represented that OIP had already processed 314 pages of potentially responsive records, and that OIP was committed to complete the processing[1] of all remaining pages by May 18, 2023. Dkt. No. 15 at 2. Defendant also represented that NSD completed its due diligence for five of the 8 identified custodians, which yield approximately 1,324 potentially responsive records. Dkt. No. 15 at 2. The Court later granted Defendant's motion on April 25, 2023. Dkt. No. 16.

4.      Since the Court's order, both OIP and NSD have continued to make progress toward the completion of Plaintiff's FOIA request. As to OIP, consistent with the above representation, OIP processed all remaining pages of potentially responsive records (7,513 pages, which does not include the aforementioned 314 pages previously processed) as of May 18, 2023. In so doing, OIP determined that: 232 pages were not responsive to Plaintiff's FOIA request; 2,723 pages were removed as not responsive, pursuant to the scoping agreement entered into the parties; 4,148 pages were determined to be entirely duplicative of previously-processed pages[2]; and finally, 410 pages were sent out for consultation to other DOJ components and Executive Branch agencies. OIP will issue further responses to Plaintiff on a rolling basis upon completion of the consultation process.

5.      As to NSD, it completed its retrieval of potentially responsive records to Plaintiff's request on May 1, 2023. It identified approximately 4,000 potentially responsive records before beginning the deduplication process and responsiveness review. On May 11, 2023, NSD

---

[1] "Processing" refers to further responsiveness review, manual de-duplication, application of any applicable FOIA exemptions, and sending out records for consultation to other Executive Branch agencies or DOJ components having equity in the records.

[2] These 4,148 pages include material removed as not responsive to Plaintiff's FOIA request, material removed as not responsive pursuant to the parties' scoping agreement, or material sent out for consultation to other DOJ components and Executive Branch agencies.

completed the initial processing of the request and identified a total of 95 records (approximately 794 pages) that were potentially responsive to Plaintiff's FOIA request. On May 17, 2023, NSD completed the first of the two parts of Plaintiff's FOIA request by referring the one potentially responsive record for the first part of Plaintiff's FOIA to OIP. In consultation with Plaintiff's counsel, NSD plans to submit its final response to the second part of Plaintiff's FOIA request within ninety (90) days of May 11, 2023 (*i.e.*, August 9, 2023).

6. "A district court has the 'inherent power' to stay a pending action to ensure both the 'efficient management of [its] docket[],' as well as 'economy of time and effort for itself, for counsel, and for litigants.'" *Hawley v. Johnson & Johnson*, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011) (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering a motion to stay, a court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Sehler v. Prospect Mortg., LLC*, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (internal quotation marks omitted); *see also Hawley*, 2011 WL 7946243, at *1 ("When determining whether a stay is appropriate, a district court must 'weigh competing interests and maintain an even balance.'" (quoting *Landis*, 299 U.S. at 255)). In general, the decision of whether to stay a case "lies within the sound discretion" of the court. *See Fisher v. United States*, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013).

7. Moreover, no hearings have been scheduled in this action, and there are no pending court deadlines. Therefore, a stay would not affect any current proceedings in this Court— particularly when the civil action has just departed from the pleadings stage. *Cf. Clinton v. Gov't Emps. Ins. Co.*, 2016 WL 9308421, at *2 (E.D. Va. Nov. 23, 2016) (granting defendant's motion

3

for stay where "the case is in its early stages—discovery has not been scheduled and no motions were filed prior to the stay request"). Lastly, a stay of the proceedings that enables Defendant to continue completing its response to Plaintiff's FOIA request would not prejudice Plaintiff; indeed, once Defendant completes release of all responsive records, subject to any applicable FOIA exemptions, Plaintiff will have obtained the relief that it seeks.

8. Finally, to further the interests of judicial economy and minimize any potential prejudice to Plaintiff, Defendant respectfully requests that the Court requires the parties to submit a joint status report every thirty (30) days from the date on which the stay of proceedings is entered. Any such status report would apprise the Court of the status of Plaintiff's FOIA request. Upon issuance of a final response to Plaintiff's FOIA request, the parties may either jointly stipulate to the dismissal of the action as it would be moot, or indicate to the Court that Plaintiff wishes to amend its pleadings to challenge any withholdings made under the FOIA.

9. On April 25, 2023, undersigned counsel wrote Plaintiff regarding Defendant's proposal to stay this action and proposed submitting joint status reports with the Court due every 60 days. Undersigned continued to follow up with counsel regarding this requested relief on May 1 and May 11. In each correspondence, undersigned counsel updated Plaintiff's counsel with the latest update regarding the status of Plaintiff's FOIA request. On May 22, Plaintiff's counsel responded, and indicated that Plaintiff was willing to consent to stay the proceedings with joint status reports due every 30 days. As such, this consent motion now follows.

10. For all these reasons, Defendant respectfully asks that the Court grant its motion to stay the proceedings and submit joint status reports every 30 days from the date on which the Court enters its order. A proposed order has also been attached for the Court's convenience.

Dated:  May 25, 2023

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

*By*: _____/s/_____
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel:    (703) 299-3741
Fax:   (703) 299-3983
Email:  matthew.mezger@usdoj.gov

*Counsel for Defendant*