IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT ) <br> WHISTLEBLOWERS & RESEARCH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:23-cv-95 (LMB/JFA) |

**JOINT STATUS REPORT**

This is a Freedom of Information Act ("FOIA") action brought by Empower Oversight Whistleblowers & Research in connection with a FOIA request submitted to two Department of Justice ("DOJ") components: the Office of Information Policy ("OIP") and the National Security Division ("NSD").

On May 25, 2023, the Court granted Defendant's motion to stay proceeding, and it also ordered the parties to submit status reports every thirty days. Dkt. No. 18.

Pursuant to that Order, the parties provide the Court the following update:

As to OIP, Defendant previously represented that OIP had completed its processing of all potentially responsive records. As previously reported, OIP sent 410 pages of potentially responsive records for consultation to other DOJ components and Executive Branch agencies on May 18, 2023. Dkt. No. 17 at 2. On June 26, 2023, OIP made a release of seventy-five pages of responsive records, and determined that four pages should be withheld in full. As to the remaining 331 pages pending on consultation, OIP is actively working with equity holders to facilitate

1

responses to these consultations as soon as is feasible. OIP will issue further responses to Plaintiff on a rolling basis, upon completion of the consultation process.

As to NSD, it informed Plaintiff on May 17, 2023, that it had located only one record responsive to the first item of Plaintiff's FOIA request. NSD further informed Plaintiff that it was referring that record to OIP for further processing. This record was referred to OIP, and OIP determined that record was entirely duplicative of a record in the June 26, 2023 production. Upon this production, OIP cited the specific page in the production packet at which the duplicative record can be located.

For the remaining portions of NSD's processing, Defendant previously represented that NSD planned to submit its final response to the second part of Plaintiff's FOIA request withing 90 days of May 11, 2023 (*i.e.*, August 9, 2023). Dkt. No. 17 at 2-3. NSD's review efforts are ongoing and NSD is on target to meet the August 9, 2023 final response deadline that it represented to Plaintiff.

Plaintiff reports that it remains concerned about Defendant's processing in this case. Plaintiff submitted its request nearly *seventeen months* ago in January 2022. *See* Dkt. No. 1 ¶ 16. After Defendant failed to issue *any* records for a year, Plaintiff was forced to initiate this civil action in January 2023 to compel Defendant's compliance with FOIA. Yet, despite this civil action being initiated, Defendant still has not produced the majority of records to Plaintiff.

For OIP, Plaintiff is particularly concerned with this delay, considering OIP's representation in February 2022 that it had "initiated" processing of Plaintiff's request, and its representation in March 2022 that it had "initiated records searches[.]" *Id.* ¶¶ 20, 24. It remains unclear whether OIP actually took any steps last year to comply with its FOIA obligations. And, now that OIP has finally begun processing Plaintiff's request, Plaintiff is still left waiting, as there

2

are more than 330 pages subject to the consultation process. Although Plaintiff appreciates the time required to complete the internal consultation process, Plaintiff maintains that OIP's significant delay here requires it to take additional steps to complete that consultation process as quickly as possible. To that end, Plaintiff anticipates requesting that the Court issue a processing order if OIP has not substantially completed the consultation process in advance of the parties' next status report.

For NSD, Plaintiff is equally troubled by its delay. However, Plaintiff understands that NSD has committed to issue its final response to Plaintiff by August 9, 2023, and that this final response will include the release of any responsive, non-exempt records, rather than merely a notification that records have been referred to another Governmental agency for consultation. Provided that NSD satisfy this commitment, Plaintiff does not seek any additional relief with respect to NSD at this point.

Pursuant to the Court's May 25 Order, the parties will file another status report by July 26, 2023.

//

//

//

Dated: June 26, 2023

/s/ Brian J. Field
BRIAN J. FIELD (admitted *pro hac vice*)
Schaerr | Jaffe LLP
1717 K Street, NW
Suite 900
Washington, DC 20006
Tel: (202) 787-1060
Fax: (202) 776-0136
Email: bfield@schaerr-jaffe.com

JEFFREY S. BEELAERT
Stein Mitchell Beato & Missner LLP
901 15th Street, NW
Suite 700
Washington, DC 20005
Tel: (202) 661-0923
Fax: (202) 296-8312
Email: jbeelaert@steinmitchell.com

*Counsel for Plaintiff*

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3741
Fax: (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

*Counsel for Defendant*