IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHITLEBLOWERS & RESEARCH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) |
| Defendant. | ) ) ) |

Case No. 1:23-cv-95 (LMB/JFA)

**JOINT STATUS REPORT**

This is a Freedom of Information Act ("FOIA") action brought by Empower Oversight Whistleblowers & Research in connection with a FOIA request submitted to two Department of Justice ("DOJ") components: the Office of Information Policy ("OIP") and the National Security Division ("NSD").

On May 25, 2023, the Court granted Defendant's motion to stay the proceedings, and it also ordered the parties to submit status reports every thirty days. Dkt. No. 18. On June 26, the parties provided their first joint status report. Dkt. No. 19.

Pursuant to that Order, the parties provide the Court the following update:

As to OIP, Defendant has completed processing, as defined in Defendant's Motion to Stay,[1] of all potentially responsive records identified. Furthermore, Defendant has issued a final

---

[1] As defined in Defendant's Motion to Stay, "processing" refers to further responsiveness review, manual de-duplication, application of any applicable FOIA exemptions, and sending out records for consultation to other Executive Branch agencies or DOJ components having equity in the records.

1

determination[2] as to 7,182 pages of these potentially responsive records. On May 19, 2023, OIP provided Plaintiff with final determinations as to 7,103 pages of potentially responsive records. On June 26, 2023, OIP provided Plaintiff with a final determination as to seventy-nine pages, consisting of a release of seventy-five pages of responsive records and a determination that four pages should be withheld in full. OIP estimates that approximately 331 pages of potentially responsive records remain pending on consultation. OIP is actively working with equity holders to facilitate responses to these consultations as soon as is feasible. OIP will issue further responses to Plaintiff on a rolling basis, upon completion of the consultation process.

As to NSD, as Defendant represented previously, NSD has committed to issue its final response to Plaintiff by August 9, 2023. NSD's review efforts are ongoing, and NSD is on target to meet the August 9, 2023 final response deadline that it represented to Plaintiff.

Plaintiff reiterates its concerns about the pace of OIP's response. Indeed, OIP's status report above is identical to the report it provided a month ago. *See* Joint Status Report at 1-2 (ECF No. 19). In the parties' June 26 status report, OIP stated that there were "331 pages pending on consultation." *Id.* at 1. Today, the same pages apparently remain "on consultation." Considering that OIP is responding to a FOIA request that was submitted in January 2022, that pace falls far short of OIP's obligations under FOIA. Accordingly, as Plaintiff suggested it would need to do if progress was not made, *see id.* at 3, Plaintiff respectfully requests that the Court issue a processing order, requiring OIP to issue a final response to Plaintiff as to half of these remaining pages by August 31, 2023, and a final response for the remaining pages by September 29, 2023. OIP's

---

[2] A "final determination" includes the release of a record in full, release of a record in part subject to applicable FOIA exemptions, withholding of a record in full pursuant to applicable FOIA exemptions, determining that a record is scoped out pursuant to the parties' agreed-upon scoping agreement, determining that a record is not responsive, and/or determining that a record is wholly duplicative of other records processed.

failure to make any progress over the past month confirms that such an order is necessary to ensure this case moves toward a conclusion.

Defendant respectfully opposes Plaintiff's request for a processing order. OIP reiterates that a release in part of seventy-five pages, as well as a final determination as to four additional pages, was made to Plaintiff thirty days ago, on June 26, 2023. As such, only thirty days have elapsed since seventy-nine pages have cleared the consultation process. Furthermore, OIP reiterates that OIP is "actively working with equity holders to facilities responses to these consolations as soon as is feasible." Since the filing of the last JSR, OIP has substantially engaged with several Executive Branch agencies having equities in the records, and has received responses to pending consults from many of these equity holders. OIP further reiterates that the consultation process is highly complex, and involves a number of Executive Branch equity holders. The nature of these equities varies greatly, depending on the nature of the records being sent for consultation – as such, the time for various equity holders needed to fully evaluate the records at issues also varies. Furthermore, agency resources are not identical across all equity holders, and time for full review of these records is dependent on such agency resources.

Defendant further avers that the number of equities present on any given page of the aforementioned records may vary greatly. Plaintiff's proposal that this Court order OIP to issue a final response as to "half" of these pages outstanding on consultation disregards the complex nature of the consultation process. Simply put, the more equities that may be present in a record, the more complex the consultation process may become. Furthermore, the number of equities present in a potentially responsive record may vary, such that some pages of these records may require heavier consultation than other pages. As such, OIP is able to issue final determinations on a rolling basis, upon completion of the consultation process. While OIP is unable to estimate

3

a specific release date on behalf of equity holders, based on OIP's consistent and active communication with these equity holders, OIP anticipates issuing another rolling interim response prior to filing of the next JSR on August 25, 2023.[3]

Given the significant progress that OIP has made in the processing of over 7,000 pages of potentially responsive records, the highly complex nature of the consultation process, the varied availability of agency resources across equity holders, and OIP's estimated issuance of an interim response prior to the filing of the next JSR, Defendant respectfully opposes Plaintiff's request that this Court issue Plaintiff's requested order.

Pursuant to the Court's May 25 Order, the parties will file another status report by August 25, 2023.

///

///

///

---

[3] An "interim response" includes final determinations as to pages presently pending on consultation. "Final determinations" include release of a record in full, release of a record in part subject to applicable FOIA exemptions and/or the parties' scoping agreement, a determination that a record is wholly duplicative of other pages processed, and/or a determination that a record is not responsive to Plaintiff's FOIA request.

| | |
|---|---|
| Dated: July 26, 2023 | Respectfully submitted, |
| | |
| _____ | JESSICA D. ABER |
| BRIAN J. FIELD (admitted *pro hac vice*) | United States Attorney |
| Schaerr \| Jaffe LLP | |
| 1717 K Street, NW | _____ |
| Suite 900 | MATTHEW J. MEZGER |
| Washington, DC 20006 | Assistant United States Attorney |
| Tel:   (202) 787-1060 | Office of the United States Attorney |
| Fax:   (202) 776-0136 | 2100 Jamieson Avenue |
| Email: bfield@schaerr-jaffe.com | Alexandria, Virginia 22314 |
| | Tel:   (703) 299-3741 |
| JEFFREY S. BEELAERT | Fax:   (703) 299-3983 |
| Stein Mitchell Beato & Missner LLP | Email: Matthew.Mezger@usdoj.gov |
| 901 15th Street, NW | |
| Suite 700 | *Counsel for Defendant* |
| Washington, DC 20005 | |
| Tel:   (202) 661-0923 | |
| Fax:   (202) 296-8312 | |
| Email: jbeelaert@steinmitchell.com | |
| | |
| *Counsel for Plaintiff* | |

5